UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:                                                        CASE NO.

RICHARD MOORE                                                 05-10480-8-ATS

      DEBTOR

**ORDER REGARDING MOTION TO EXTEND THE AUTOMATIC STAY**

The matter before the court is the debtor's motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B). A hearing took place in Raleigh, North Carolina on November 30, 2005.

Richard Moore filed a petition for relief under chapter 13 of the Bankruptcy Code on November 4, 2005. Mr. Moore filed a prior petition for relief under chapter 13 on October 10, 2003, Case No. 03-08875-8-ATS. The prior case was dismissed on August 2, 2004, but the trustee's final report and accounting was not filed until October 27, 2004, and the case was not closed until November 10, 2004.

Mr. Moore's present case was filed after October 17, 2005, the effective date of the relevant provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Under the new law, the automatic stay terminates with respect to a debtor on the thirtieth day after the filing of the case "if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . . ." 11 U.S.C. § 362(c)(3)(A). Mr. Moore's prior case was <u>open</u> within the one year preceding the filing of the current case, but it was

dismissed prior to the one-year period.  Thus, whether the automatic stay terminates on the thirtieth day in this case depends on whether a case is "pending" after dismissal, but before the case is closed.

The Bankruptcy Code does not define "pending."  Black's Law Dictionary defines "pending" as "remaining undecided; awaiting decision."  BLACK'S LAW DICTIONARY 1169 (8th ed. 2004).  Black's definition suggests that a case is no longer "pending" after dismissal; once the case has been dismissed, there is nothing undecided remaining.  In the present case, only administrative details prevented the immediate closure of the case.

The word "pending" also appears in 11 U.S.C. § 109(g), a section with substantially more history than § 362(c)(3).  Section 109(g) provides that

> [n]otwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--
>    (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>    (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g) (emphasis added).  Though there are no cases discussing whether a case remains "pending" after dismissal and before the case is closed, courts routinely calculate the 180-day period from the date of dismissal, not the date the case was closed.  See, e.g., In

2

re Richardson, 217 B.R. 479 (Bankr. M.D. La. 1998) (interpreting statute to mandate dismissal of all cases filed within 180 days after voluntary dismissal of prior case if voluntary dismissal was requested after motion for relief from stay); In re Carty, 149 B.R. 601 (9th Cir. BAP 1993) (dismissing case where prior case voluntarily dismissed within preceding 180 days).

That courts routinely equate "pending" with "not dismissed" is also reflected in Hollowell v. Internal Revenue Service (In re Hollowell), 222 B.R. 790, 794 (Bankr. N.D. Miss. 1998). There, the court concluded that the two-year look-back period in § 523(a)(1)(B)(ii) was tolled for the time the debtor's previous case was pending, plus an additional six months after dismissal, pursuant to 28 U.S.C. § 6503(b) and (h).

It is also reasonable to conclude from a policy standpoint that a case is no longer "pending" once it has been dismissed.  The automatic stay does not protect a debtor after the earlier of dismissal or the closing of the case.  11 U.S.C. § 362(c)(2).  The debtor no longer receives the benefit of the automatic stay after dismissal. Further, the debtor has no control over when the case is closed after dismissal (though the debtor may be able to control when a case is dismissed if a voluntary dismissal is filed).

Based on this analysis, Mr. Moore's first case was no longer "pending" for purposes of § 362(c)(3) as of the date of dismissal,

3

regardless of when the case was closed.  Accordingly, the automatic stay in the present case will not terminate on the thirtieth day.

Because the applicability of § 362(c)(3)(A) was uncertain, the debtor requested an extension of the automatic stay as to all of his creditors pursuant to § 362(c)(3)(B).  That section provides that the court may extend the stay on motion of a party and upon notice and hearing if the moving party shows that the case was filed in good faith as to the creditors to be stayed.  All creditors were served with the motion and no opposition was filed.  Mr. Moore has demonstrated that he has had a substantial change in circumstances since his prior filing, in that he now has a second job.  According to Mr. Moore, his inability to make payments in his first chapter 13 case was due to his inadequate income.  That problem has now been corrected.  The court finds that if § 362(c)(3)(B) operates to terminate the stay 30 days after filing, the debtor has demonstrated grounds to extend the stay as to all creditors, and his case was filed in good faith.  Accordingly, he is entitled to have the stay extended.

Based on the foregoing, the court concludes that the automatic stay does not terminate on the thirtieth day pursuant to 11 U.S.C. § 362(c)(3)(A).  Furthermore, even if the stay were to terminate in 30 days, the debtor has demonstrated that the case was filed in good faith as to all  creditors, and the stay  should be extended

until further order of the court.  The motion to extend the stay, to the extent it is necessary, is **ALLOWED**.

**SO ORDERED.**

**DATED:  December 2, 2005**

A. Thomas Small
United States Bankruptcy Judge

5